UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURLEY A. HOWARD,

    Applicant,

v.                                              CASE NO. 8:22-cv-1678-SDM-TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

Howard applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for burglary of a dwelling, felony petit theft, and criminal mischief, for which he is imprisoned for fifteen years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 10-2) The respondent concedes that the application is timely but argues that some grounds are unexhausted and procedurally defaulted. (Doc. 9)

### I. BACKGROUND[1]

On December 23, 2017, law enforcement responded to a burglary call at a church in Polk County, Florida. (Respondent's Exhibit 2 at 2) An "unknown suspect" had entered the church by breaking a window. (Respondent's Exhibit 2 at 2) The suspect stole "approximately $5.00 worth of drinks from the refrigerator."

---

[1] This factual summary derives from the criminal complaint affidavit. (Respondent's Exhibit 2) Howard stipulated to the facts in the affidavit when he pleaded *nolo contendere*. (Respondent's Exhibit 6 at 6–7)

(Respondent's Exhibit 2 at 2) Additionally, the suspect entered a "modular home" on the property by breaking two windows. (Respondent's Exhibit 2 at 2; Respondent's Exhibit 18 at 2) Law enforcement found blood "smeared" on the walls and a windowsill in the home. (Respondent's Exhibit 2 at 2) The blood matched a DNA profile belonging to Howard. (Respondent's Exhibit 2 at 2)

Howard was charged with burglary of a dwelling, felony petit theft, and criminal mischief. (Respondent's Exhibit 3) He pleaded *nolo contendere* to each charge. (Respondent's Exhibits 5, 6) The trial court sentenced him as a prison releasee re-offender to fifteen years' imprisonment for burglary, five years' imprisonment for theft, and time served for criminal mischief. (Respondent's Exhibit 7) The appellate court affirmed the convictions. (Respondent's Exhibit 11) Howard unsuccessfully moved for post-conviction relief under Florida Rules of Criminal Procedure 3.800(a) and 3.850. (Respondent's Exhibits 18–19, 21, 30, 34–37, 40) This federal habeas application followed. (Doc. 1)

## II. EXHAUSTION AND PROCEDURAL BAR

The respondent argues that grounds two and four are barred from federal review because Howard failed to exhaust his state-court remedies. (Doc. 9 at 25–26, 31) "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *accord Rose v. Lundy*, 455 U.S. 509, 518–19 (1982) ("A rigorously enforced total exhaustion rule

will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."). An applicant must present to the federal court the same claim presented to the state court. *See Picard*, 404 U.S. at 275 ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). "Mere similarity of claims is insufficient to exhaust." *Henry*, 513 U.S. at 366.

As *Baldwin v. Reese*, 541 U.S. 27, 32 (2004), explains, an applicant must alert the state court that he is raising a federal claim and not just a state law claim:

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

"It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Consequently, "a petitioner with a claim that could arise under state or federal law must clearly indicate to the state courts that he intends to bring a federal claim." *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 458 (11th Cir. 2015).

**Ground Two:**

Howard contends that his right to due process was violated because (1) the trial court failed "carefully inquire" into whether his plea was "free[ ] and voluntar[y]," (2) the modular home was a "dwelling" while the church was "used by

the public," and (3) neither building was "distinguished as the one for which an underlying offense would establish the intent for burglary of a dwelling." (Doc. 1 at 9) Howard failed to raise these allegations in state court. Consequently, ground two is unexhausted and barred from federal review absent a showing of "actual cause and prejudice" or a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.").

The basis for "cause" must ordinarily reside in something external to the defense. *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "prejudice," the applicant must establish "not merely that the errors . . . created the *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). A fundamental miscarriage of justice occurs only if a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *House v. Bell*, 547 U.S. 518, 536–37 (2006).

Howard fails to establish either cause and prejudice or a fundamental miscarriage of justice. Therefore, ground two is procedurally barred from federal review.

**Ground Four:**

Generously construed, ground four alleges that Howard's plea of *nolo contendere* lacked a sufficient factual basis because "there was no evidence" that he acted stealthily in entering the church or the home. (Doc. 1 at 14) As a result, the prosecution allegedly could not establish that Howard intended "to commit an underlying offense" inside the properties. (Doc. 1 at 14) Howard raised this claim in his Rule 3.850 motion. He argued that "the factual basis of his plea [was] insufficient to support the charge of burglary of a dwelling" because his "alleged activity could not possibly be considered stealthy." (Respondent's Exhibit 18 at 5, 7) The post-conviction court rejected the claim, Howard appealed, and the appellate court affirmed. (Respondent's Exhibits 19, 26, 28, 30) Consequently, ground four is exhausted.

### III. MERITS

As determined above, ground two is barred from federal review. However, grounds one, three, and four are exhausted and entitled to a review on the merits.

**Standard of Review:**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). Section 2254(d), which creates a highly deferential standard for federal court review of a state-court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State
> court shall not be granted with respect to any claim that

> was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Williams v. Taylor*, 529 U.S. 362, 412–13 (2000), explains this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied — the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable[;] . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 693 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the

state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also White v. Woodall*, 572 U.S. 415, 427 (2014) ("The critical point is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no fairminded disagreement on the question . . . ."); *Woods v. Donald*, 575 U.S. 312, 316 (2015) ("And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice.") (citing *Woodall*, 572 U.S. at 419); *accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "[AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell*, 535 U.S. at 694. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("This is a 'difficult

to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) ("[A] federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."). When the relevant state-court decision is not accompanied with reasons for the decision, the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192.

In *per curiam* decisions without written opinions, the appellate court affirmed Howard's convictions and affirmed the denial of his motions for post-conviction relief. (Respondent's Exhibits 11, 30, 40) The appellate court's *per curiam* decisions warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002); *see also Richter*, 562 U.S. at 100 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."), *and Bishop v. Warden*, 726 F.3d 1243, 1255–56 (11th Cir. 2013) (describing the difference between

an "opinion" or "analysis" and a "decision" or "ruling" and explaining that deference is accorded the state court's "decision" or "ruling" even absent an "opinion" or "analysis").

As *Pinholster* explains, 563 U.S. at 181–82, review of the state-court decision is limited to the record that was before the state court:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court.

Howard bears the burden of overcoming by clear and convincing evidence a state court's fact determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir. 2001).

**Ineffective Assistance of Counsel:**

Howard claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d

1506, 1511 (11th Cir. 1995) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains that *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*,
>
>> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

"There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally

competent assistance." 466 U.S. at 690.

Howard must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. To meet this burden, Howard must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Howard cannot meet his burden by showing that the avenue chosen by counsel proved unsuccessful. *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992). *Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91.

Sustaining a claim of ineffective assistance of counsel under Section 2254(d) is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105. *See Nance v. Warden, Ga. Diag. Prison*, 922 F.3d 1298, 1303 (11th Cir. 2019) ("Given the double deference due, it is a 'rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.'") (quoting *Johnson v. Sec'y, Dep't*

*Corrs.*, 643 F.3d 907, 911 (11th Cir. 2011)).

In determining "reasonableness," Section 2254(d) authorizes determining only "whether the state habeas court was objectively reasonable in its *Strickland* inquiry" and not independently assessing whether counsel's actions were reasonable. *Putman v. Head*, 268 F.3d 1223, 1244 n.17 (11th Cir. 2001). The presumption of correctness and the highly deferential standard of review require that the analysis of each ground begin with the state court's analysis.

**<u>Ground One:</u>**

Howard faults trial counsel for not moving to dismiss the "charged offense of burglary of a dwelling." (Doc. 1 at 6) Florida law "provides for dismissal of a charge against a defendant when '[t]here are no material disputed facts and the undisputed facts do not establish a *prima facie* case of guilt against the defendant.'" *State v. Yarn*, 63 So. 3d 82, 84 (Fla. 2d DCA 2011) (quoting Fla. R. Crim. P. 3.190(c)(4)). Howard contends that no burglary occurred because he did not enter the modular home "with the intent to commit an offense therein." *Grant v. State*, 311 So. 3d 156, 158 (Fla. 2d DCA 2020). According to Howard, counsel was ineffective for failing to present this argument in a motion to dismiss.

The post-conviction court held that counsel was not deficient because "a motion to dismiss would have been denied." (Respondent's Exhibit 19 at 5) As the court noted, burglary requires proof that the defendant "entered the homeowner's dwelling with the intent to commit an offense therein." *Grant*, 311 So. 3d at 158. Under Florida law, entering a dwelling "stealthily and without consent of the owner

or occupant . . . is *prima facie* evidence of entering with intent to commit an offense." Fla. Stat. § 810.07(1). The post-conviction court found that Howard "obviously entered both the church and the adjacent house when the church was closed[,] and no one could see him." (Respondent's Exhibit 19 at 5) Thus, "[h]ad the case gone to trial, the state would have been entitled to the presumption of intent to commit a crime inside the home because of [Howard's] stealthy entry." (Respondent's Exhibit 19 at 5) Consequently, the court held that counsel was not deficient for failing to file a meritless motion to dismiss. (Respondent's Exhibit 19 at 5)

      This ruling was reasonable. "[A]lthough the issue of ineffective assistance . . . is one of constitutional dimension," a court "must defer to the state's construction of its own law when the validity of the [ineffective assistance] claim . . . turns on state law." *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017). The post-conviction court found that a motion to dismiss would have failed because "the state would have been entitled to the presumption of intent to commit a crime inside the home." (Respondent's Exhibit 19 at 5) Whether "a motion to dismiss would have succeeded [on this basis] is a question of state law." *Clark v. Sec'y, Dep't of Corr.*, No. 8:18-cv-2670-MSS-AEP, 2022 WL 485229, at *15 (M.D. Fla. Feb. 17, 2022). Therefore, the post-conviction court "already has told us how the issue[ ] would have been resolved under Florida state law had [counsel] done what [Howard] argues [she] should have done." *Herring v. Sec'y Dep't of Corr.*, 397 F.3d 1338, 1354–55 (11th Cir. 2005).

Because the post-conviction court "authoritatively decided as a matter of [Florida] law" that a motion to dismiss would have failed, the remainder of the analysis is straightforward. *Calhoun v. Warden, Baldwin State Prison*, 92 F.4th 1338, 1351 (11th Cir. 2024). "A lawyer cannot be deficient for failing to raise a meritless claim." *Freeman v. Atty. Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008). As a result, the post-conviction court reasonably concluded that counsel was not deficient for failing to file a meritless motion to dismiss.[2] *See Garcia v. Sec'y, Dep't of Corr.*, No. 8:17-cv-2374-KKM-AAS, 2021 WL 1516070, at *7 (M.D. Fla. Apr. 16, 2021) ("Because the state court has determined that a motion to dismiss would not have been granted, this Court cannot reevaluate [the] motion's chance of success under Florida law."), *aff'd*, No. 21-12461, 2023 WL 5927136 (11th Cir. Sept. 12, 2023).

**Ground Three:**

Howard argues that his fifteen-year sentence for burglary is unconstitutional because a judge, rather than a jury, found that he qualified as a prison releasee re-offender ("PRR"). (Doc. 1 at 10) A PRR is "a defendant who commits . . . an enumerated offense, such as burglary, within three years after being released from a

---

[2] In his application, Howard alleges that he did not act stealthily because the modular home was "viewable to passersby at the hotel across the street." (Doc. 1 at 6) This allegation cannot be considered because Howard failed to properly present it to the state court. *See Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) ("[T]he prohibition against raising non-exhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific assertions of fact that might support relief."). Howard did not allege in his Rule 3.850 motion that the home was "viewable to passersby at the hotel across the street." He first raised this allegation after the mandate issued in the appeal from the denial of his Rule 3.850 motion. (Respondent's Exhibit 34 at 2) The post-conviction court held that Howard's new allegation was procedurally improper because the mandate had issued and "[t]here [was] no longer an active [Rule 3.850] motion for [him] to supplement." (Respondent's Exhibit 35 at 1) Howard's failure to "properly present" his allegation to the state court renders it unexhausted and procedurally defaulted. *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010).

- 14 -

correctional facility." *Marshall v. State*, 277 So. 3d 1149, 1150 (Fla. 1st DCA 2019). "If the state seeks PRR sentencing and proves that the defendant is a PRR, the court must sentence the defendant to at least fifteen years of imprisonment for a second-degree felony [such as burglary]." *Marshall*, 277 So. 3d at 1150.

Howard argues that a jury, rather than a judge, should have determined whether he committed burglary within three years of his release from prison. (Doc. 1 at 10; Respondent's Exhibit 36 at 1–5) He cites *Alleyne v. United States*, which holds that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." 570 U.S. 99, 103 (2013). The post-conviction court rejected Howard's claim based on "decades of case law from the Florida Supreme Court and all five District Courts of Appeal repeatedly upholding the [PRR] statute's constitutionality." (Respondent's Exhibit 36 at 1–2)

This ruling was reasonable. To prevail, Howard must show that the rejection of his claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "'[C]learly established Federal Law, as determined by the Supreme Court of the United States,' refers to the Court's holdings, not its dicta, as of the time of the state-court decision in question." *Bush v. Sec'y, Fla. Dep't of Corr.*, 888 F.3d 1188, 1195 (11th Cir. 2018). "[I]f some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied." *Hill v. Humphrey*, 662 F.3d 1335, 1346 (11th Cir. 2011).

Howard cannot meet this demanding standard. As noted above, "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." *Alleyne*, 570 U.S. at 103. But *Alleyne* "leaves intact the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which held that '*[o]ther than the fact of a prior conviction*, any fact that increases the [statutory] penalty for a crime . . . must be submitted to a jury.'" *Williams v. State*, 143 So. 3d 423, 424 (Fla. 1st DCA 2014) (emphasis added). The "date of release from [a] prior prison sentence is not the same as [the] bare fact of a prior conviction." *Calloway v. State*, 914 So. 2d 12, 14 (Fla. 2d DCA 2005). A fairminded jurist could conclude, however, that a release date "is directly derivative of a prior conviction [and thus] need not be found by a jury beyond a reasonable doubt in order for a defendant to be subject to a PRR sentence." *Robinson v. State*, 337 So. 3d 1275, 1276 (Fla. 2d DCA 2022); *see also Lopez v. State*, 135 So. 3d 539, 540 (Fla. 2d DCA 2014) ("[B]ecause [defendant's] date of release from prison is a part of his prior record, that fact determination did not need to be presented to a jury and proved beyond a reasonable doubt.").

Federal habeas courts have relied on this reasoning to reject similar challenges to the PRR statute. *See, e.g.*, *Chapman v. Sec'y, Fla. Dep't of Corr.*, No. 21-10137-F, 2022 WL 20303055, at *1 (11th Cir. June 3, 2022) ("[T]he state court's determinations, that *Apprendi* did not require a jury to find [petitioner's] release date beyond a reasonable doubt and that the state was not required to allege his PRR status and its intent to seek an enhanced sentence in the information, were not

- 16 -

unreasonable, given that Florida courts have rejected similar challenges to the PRR Act."); *Jackson v. Sec'y, Fla. Dep't of Corr.*, No. 4:22-cv-139-MW-ZCB, 2025 WL 890741, at *4 (N.D. Fla. Feb. 28, 2025) ("[A] fairminded jurist could agree with the state courts that it was not unconstitutional for a judge to find by a preponderance the facts that led to Petitioner's PRR status."), *adopted by* 2025 WL 890159 (N.D. Fla. Mar. 21, 2025); *Myles v. Sec'y, Dep't of Corr.*, No. 4:17-cv-326-RH-GRJ, 2019 WL 968880, at *3 (N.D. Fla. Feb. 28, 2019) ("Whether the *Apprendi* prior-conviction exception applies to the date of a defendant's release from custody on a prior conviction is fairly debatable.  [Petitioner] thus is not entitled to relief on this issue on this federal petition.").

Therefore, Howard cannot show that the rejection of his claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

**Ground Four:**

Lastly, Howard alleges that his plea of *nolo contendere* lacked a sufficient factual basis because "there was no evidence" that he acted stealthily in entering the church or the home.  (Doc. 1 at 14)  Without such evidence, the prosecution allegedly could not prove that Howard intended "to commit an underlying offense" inside the properties.  (Doc. 1 at 14)  Thus, according to Howard, the trial court violated his right to due process by failing to ensure that "there [was] a factual basis for" the plea.  (Respondent's Exhibit 18 at 7)

The post-conviction court correctly rejected this claim. (Respondent's Exhibit 19 at 5) "[T]he due process clause does not impose a constitutional duty on state trial judges to ascertain a factual basis before accepting a plea of guilty or *nolo contendere* that is not accompanied by a claim of innocence." *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983); *see also Loftis v. Almager*, 704 F.3d 645, 648 (9th Cir. 2012) ("[Petitioner] cannot obtain habeas relief because the state trial court's failure to find a factual basis for his no contest plea — unaccompanied by protestations of innocence — does not present a constitutional issue cognizable under 28 U.S.C. § 2254."). Howard did not claim innocence when he pleaded *nolo contendere*. (Respondent's Exhibit 6) Therefore, the alleged failure to find a factual basis for the plea affords Howard no relief. *See Massey v. Warden*, 733 F. App'x 980, 990 n.6 (11th Cir. 2018) ("[D]ue process does not require a state court to find a factual basis for a guilty plea unaccompanied by a claim of innocence.").

## IV. CONCLUSION

Howard's application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Howard and **CLOSE** this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Because Howard fails to demonstrate either a substantial showing of the denial of a constitutional right or that reasonable jurists would debate both the merits of the grounds and the procedural issues, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*,

529 U.S. 473, 478 (2000).  Howard must obtain permission from the court of appeals to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on April 10, 2025.

                                                STEVEN D. MERRYDAY
                                                UNITED STATES DISTRICT JUDGE